JOSEPH L. JOHNSON, Private, U. S. Army, Petitioner

v

THE JUDGE ADVOCATE GENERAL of the United States Army, Respondent

21 USCMA 520, 45 CMR 294

Miscellaneous Docket

No. 72–27

July 7, 1972

*Lionel R. Barrett, Jr., Esquire,* and *Captain Lawrence I. Wagner,* counsel for Petitioner.

## Memorandum Opinion of the Court

Subsequent to the denial of petitioner's application for discharge from the United States Army on the basis of conscientious objection,[1] he was ordered to attend a class on basic rifle marksmanship. He allegedly refused to obey that order, and a general court-martial found that this refusal constituted willful disobedience violative of Article 90, Uniform Code of Military Justice, 10 USC § 890. His case is now pending review by the United States Army Court of Military Review pursuant to Article 66(b) of the Code, supra, 10 USC § 866(b), and Captain Lawrence I. Wagner has been detailed as appellate defense counsel pursuant to Article 70 of the Code, 10 USC § 870.

By letter dated June 16, 1972, Captain Wagner informed the Judge Advocate General of the Army that petitioner had filed a petition for habeas corpus in the United States District Court for the Middle District of Tennessee, testing the validity of the denial of his application for discharge as a conscientious objector. He therein acknowledged that he was "prohibited by virtue of . . . [the Judge Advocate General's] directives and Army Regulations from appearing in that litigation or effectively assisting a civilian attorney with that litigation." However, he requested an exception be made in order to permit him to assist petitioner's retained civilian counsel before the District Court. Civilian counsel for petitioner submitted a similar request. Both requests were denied.

Petitioner has now filed in this Court a "Petition for Writ of Mandamus and/or Other Appropriate Relief" seeking to have his appointed military counsel permitted to participate in the proceedings now pending before the said United States District Court.

He further moves for leave to file certain exhibits supportive of his allegations. Inasmuch as petitions for extraordinary relief should be accompanied by supporting exhibits material to the allegations set out in the petition, special leave of Court is not required. Accordingly, we need take no action on the Motion for Leave to File same, and have considered the information contained in these exhibits.

Military counsel's request to the Judge Advocate General for permission to assist civilian counsel in the preparation and presentation of the petition for writ of habeas corpus was predicated upon the provisions of Article 70, Uniform Code, supra, 10 USC § 870. However, that Article, by its terms, relates to appearances before the Court of Military Review and this Court, and to the performance of "such other functions in connection with the review of court martial cases as the Judge Advocate General directs." Before this Court, the request is premised on the assertion that the review of petitioner's case by the Court of Military Review and this Court "will be influenced by the Federal District Court proceedings."

It is at once apparent that proceedings before the District Court are separate from and independent of the appellate review of petitioner's court-martial. Article 70 of the Uniform Code does not affect the assignment of counsel before that tribunal, nor does the possible influence of that tribunal's decision upon the appellate review of the court-martial expand the jurisdiction of this Court to encompass orders relating to the representation of litigants before the District Courts of the United States.

The petition is dismissed.

---

[1] See Army Regulation 635–20.